POLAK v. WILLIAM ROSENZWEIG REALTY OPERATING CO.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

JUDGMENT (§ 707*)—CONCLUSIVENESS—PERSONS CONCLUDED.

A judgment in favor of the purchaser against the vendor, rescinding the contract for fraud, is not res judicata as to the vendor's broker, so as to entitle him to plead it in a suit for his commission, and an allegation setting up the judgment should be stricken out as irrelevant.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. § 707.*]

Appeal from Special Term, New York County.

Action by Edward Polak against the William Rosenzweig Realty Operating Company. From an order striking out a paragraph of the complaint as irrelevant, plaintiff appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

John Frankenheimer, for appellant.
Sidney Rossman, for respondent.

INGRAHAM, J. The plaintiff, a real estate broker, was employed by the defendant to procure a purchaser for certain real property of which it was the owner. To procure such purchaser a contract was executed whereby the defendant agreed to convey to such purchaser the real estate described in the complaint and the purchaser agreed to purchase the same. The complaint alleges that before the execution of this contract the defendant procured the plaintiff to sign an agreement whereby he was not to be paid his commissions until the closing of the title, and that in case title did not pass to said premises the plaintiff waived his right to brokerage; but it is alleged that this was without consideration, and therefore not enforceable. It is further alleged that the defendant procured the said plaintiff to execute this contract by fraud, that the purchaser subsequently repudiated the contract, and that the carrying out of the contract was therefore prevented by the defendant's misrepresentations and wrongful acts, as alleged in the complaint. The complaint then alleges that the purchaser began an action against the defendant to rescind the contract, which resulted in a judgment against the defendant rescinding the

contract; and it is this latter allegation that the court below has stricken out as irrelevant.

I think the court below was clearly right. The action not being between the parties or their privies, it was not binding as an adjudication, and was therefore improperly pleaded. It is not necessary to determine on this appeal whether this judgment would be competent evidence to prove the fraud, if fraud should become a material inquiry upon the trial. It is sufficient to say that it was not res judicata, so as to entitle a party to plead it as an adjudication, and, therefore, not an allegation which the defendant should be compelled to answer.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.